## CHESNEY v. JONES.

No. 3520.   Opinion Filed February 20, 1912.

**MUNICIPAL CORPORATIONS—Charters—Recall of Officers—Petition.**
The ordinance of a city operating under a charter form of government provided for the recall of its executive officers by filing with the city clerk a petition signed by electors qualified to vote for a successor of the incumbent sought to be removed, equal in number to at least 25 per cent of the last preceding vote cast, and made it the duty of the said clerk, upon filing of such petition, to "ascertain by examination thereof and of the registration books and election returns, whether the petition is signed by the requisite number of electors." A petition was filed containing names equal to 25 per cent of the number of votes cast at the last election. The clerk refused to certify to the sufficiency of the same, for the reason that the names signed to the petition which appeared upon the registration books did not equal the 25 per cent required. On a proceeding in mandamus, the clerk was required to certify to the sufficiency of the petitions on the theory that qualified electors not on the registration books were qualified petitioners. **Held,** error.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Mandamus by M. M. Jones against Thomas A. Chesney, City Clerk.   Writ awarded, and defendant brings error.   Reversed and dismissed.

*W. T. Hunt* and *A. C. Hunt,* for plaintiff in error.

*Rittenhouse & Drake,* for defendant in error.

DUNN, J.   This case presents error from the district court of Wagoner county.   M. M. Jones, defendant in error, filed his petition praying for a writ of mandamus directed to T. A. Chesney, as city clerk, to certify that the recall petitions filed by plaintiff, praying for the recall of J. B. Cook, mayor of the city of Wagoner, H. E. Beardsley, commissioner of streets, alleys, health, and public property of said city, and R. R. Harrison, commissioner of light, water, and sewerage of said city, were suf-

ficient, and requiring him to file the said petitions with the mayor and commissioners of said city with his certificate attached certifying to the sufficiency thereof. To the alternative writ issued, the defendant answered and alleged that after ascertaining from the registration books and the election returns that the said petitions did not contain the necessary 25 per cent. of the qualified electors as shown by the registration books, and acting under and by authority of the powers and duties conferred upon him by said charter, he made his certificate as to the sufficiency of said petitions, and, finding them insufficient, so indorsed them and returned them to the plaintiff, as required by the charter. Defendant set forth a number of other reasons why the writ ought to be denied, but in view of the conclusion to which we come, the one noticed above is the only one that need be considered, for if the petitions in themselves were insufficient for want of the lawful number of signers, then the situation is not presented requiring a discussion or decision of any of the other claims made by either of the parties. On the trial had, the court, after hearing the evidence, awarded the writ, requiring the defendant to certify the sufficiency of the petitions. After motion for new trial was filed and denied, the case was lodged in this court for review.

The city of Wagoner is operating under a charter. That portion pertinent to the issues before us may be noted as follows:

"Art. 10. The holder of the office of mayor or commissioner may be removed by the qualified electors of the city. The procedure to effect such removal from office shall be as follows: (A) A petition signed by electors qualified to vote for a successor to the incumbent sought to be removed equal in number to at least twenty-five per centum of the last preceding vote cast for all candidates for mayor, or commissioner at the last preceding election, demanding an election of a successor of said incumbent shall be addressed to the board of commissioners and filed with the city clerk. * * * (B) Within ten days from the filing of said petition, the city clerk shall ascertain by examination thereof and of the registration books and election returns, whether the petition is signed by the requisite number of electors, and shall attach his certificate showing the result of such examination. * * * If his certificate shows the petition to be insufficient, he shall within ten days so notify in writing one or more of the persons

designated on the petition as having filed the same; and the petition may be amended at any time within ten days from the filing of the certificate. The city clerk shall within ten days after such amendment make like examination of the amended petition and attach thereto his certificate of the result. If still insufficient, or if no amendment is made, he shall return the petition to one of the persons designated thereon as having filed it; without prejudice, however, to the filing of a new petition for the same purpose." ·

The evidence shows conclusively that the names of thirty-five signers of the petition presented to the defendant did not appear upon the registration rolls on file in his office, and it is conceded by all parties that if, in order to be qualified and counted by the clerk as a qualified signer of a petition, it is necessary that the name of the signer be upon the registration books, the action of the clerk was correct and the writ ought not to run. The court found as follows:

"Thirty-five, I believe, were not on the registration books in the custody of the city clerk, and that reason is urged why this petition ought not to be granted. Whether or not it would have been a wise policy for the city clerk in the due administration of this law, not being versed in the law himself, and desiring, as I believe he did, in this case to do his full duty as an officer, to have gone outside the records, I will not say. I believe he was justified in leaving the matters to the courts to determine what his duty was in the premises, but, while all the signers of these petitions were not all, and in sufficient number to cause an election to be held upon the question of the recall of these officers, upon the registration books of the city in the custody of the city clerk, the evidence overwhelmingly shows that there were over twenty-five per centum who were qualified to vote for a successor to these officers upon that petition, and in view of that finding there is nothing I can do but issue the writ. The writ will be issued as requested."

The conclusion reached by the trial court necessitates at our hands the ascertainment and determination of the clerk's duty.

Under paragraph B of section 10, he is required to determine whether the requisite number of qualified electors have signed the petition by certain specific means, to wit, by examining the petition, the registration books, and election returns. His jurisdiction and authority is special and limited, and herein is clearly, defi-

Chesney v. Jones.

nitely fixed just the measure of his duty. The sufficiency of the petition filed with him shall be determined, first, by an examination of the petition, to determine necessarily whether it is in due form, apparently valid or forged, and to determine whether the requirements in reference to affidavits, etc., have been complied with. Next, the registration books will disclose to him whether the names appearing upon the petition are qualified electors as shown thereby. His rule for determining the qualifications of the electors to sign the petition is limited by the act to the names appearing upon the registration books. The election returns disclose to him the number of electors participating in the last preceding vote cast for the candidates and enable him to ascertain whether the number signing the petition was equal in amount to twenty-five per cent thereof. It is also to be noted that it is also provided that if the clerk's certificate shows the petition to be insufficient, the petitions may be amended, and that the determination of the sufficiency of the amendment is then made by the clerk under a *like* examination, which refers to the examination required to be made of the sufficiency of the petition in the first instance. The ordinance under which the clerk is required to act was drawn with the purpose in view of making his duties as simple as they could be made. The evidence given by the registration books established a certain and ready foundation as a basis, and was doubtless deemed to be the best and the simplest which could be secured. To permit all to sign such a petition, without reference to previous registration in the city, might result in the petition being signed wholly or to a great extent by parties who never before participated in any election, and of whose qualification there would be no reliable and easily available evidence, and of whom the clerk might be unable to determine whether they were or were not qualified electors. Under these circumstances, as we view it, the trial court was in error in holding as qualified petitioners those who had signed the petitions and whose names were not upon the registration rolls.

The decision of this question being the one controlling in the lower court, has been made without consideration of the other questions presented.

The case is remanded, the judgment of the trial court reversed, and the action dismissed.

All the Justices concur.