## PEED v. GRESHAM et al.

No. 7861.   Opinion Filed March 7, 1916.

(155 Pac. 1179.)

1.    **MANDAMUS—Pleading—Writ and Return—Trial of Issues.** By statute in this jurisdiction (sections 4913-4915, Rev. Laws 1910), the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and the further proceedings had in the same manner as in a civil action.

2.    **MANDAMUS—Right to Remedy—Discretionary Acts of Ministerial Officer.** Where the duties devolving upon a ministerial officer require the exercise of discretion and judgment, and such officer has acted, although erroneously, a writ of mandamus may not lawfully issue to review, reverse, or correct the erroneous decision of such officer, nor to control his decision, even though there may be no other method of review or correction provided by law.

3.    **SAME—Issuance of Writ—Municipal Officer.** But where an inferior officer is vested with the exercise of discretion or judgment, and his duties are clear, and there are not sufficient controverted facts to call for the exercise of discretion and judgment, or where such officer acts arbitrarily or fraudulently, a writ of mandamus may be issued to require the performance of his duty. **Held,** in this case, there being no allegation or proof showing that the defendant acted arbitrarily or fraudulently, it was error to issue the writ of mandamus and to make same permanent.

(Syllabus by the Court.)

*Error from District Court, Rogers County;*
*W. J. Campbell, Judge.*

Mandamus by William M. Gresham and others against Frank Peed, Commissioner of Collinsville, Okla. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

*Jno. M. Goldesberry, Mack R. Shanks,* and *T. L. Brown,* for plaintiff in error.

*Ertell & Hart,* for defendants in error.

KANE, C. J. This proceeding in error was instituted for the purpose of reviewing the action of the trial court in issuing a peremptory writ of mandamus, requiring the plaintiff in error, as commissioner of the city of Collinsville, to call an election for the purpose of voting upon a recall petition, filed pursuant to the provisions of its charter, for the purpose of removing from office two of the respondent's fellow commissioners. In the petition praying for the issuance of the writ the relators, defendants in error here, allege in substance that they are qualified electors and citizens of said city of Collinsville; that the recall petition was circulated, signed, and filed in pursuance of the provisions of the city charter, but that the respondent, whose duty it was to do so, arbitrarily and without authority, and without excuse or valid reason, and for the purpose of defrauding the relators and all other electors of said city out of the opportunity of voting for the recall of said commissioners, refused to call said election. Upon the foregoing petition being filed, the trial court issued an alternative writ of mandamus, containing substantially the allegations of the petition as to the sufficiency of the recall petition, but omitting the part thereof to the effect that the refusal of the respondent to call the election was arbitrary and without authority of law, and for the sole purpose of defrauding the relators and all other electors out of the opportunity of voting upon said recall petition. In his return to the alternative writ the respondent admitted that the recall petition was numerously signed by the electors of the city of Collinsville, and that by virtue of

the charter of said city he was the proper officer to call the election for the purpose of voting thereon, and, further, he called attention to several sections of the charter, prescribing and defining his duties, among them section 2, which provides in effect that when any petition for the recall of any commissioner shall have been filed, published, and certified, as provided in said charter, it shall be the duty of said commissioner, to whom said petition has been delivered, to immediately call a meeting of the board of commissioners, as provided therein, and it shall be the duty of said board of commissioners to ascertain whether said petition contains a sufficient number of signatures, as provided therein, by checking same with the last general election list; and if said petition contains sufficient legal signatures, it shall be the duty of said board of commissioners to order and fix a date for holding said election, as therein provided, that if said petition shall be found to contain less than the required number of signatures, the said board of commissoiners shall make a finding to that effect, and shall cause said finding to be published in a newspaper of general circulation in the city of Collinsville.

The respondent then further alleges that he did perform all the things mandatory upon him to do and perform, as such commissioner under the charter of said city; that at the hearing held pursuant to section 2 the petition was found to contain less than the required number of signatures, and for said reason, among others which it is unnecessary here to mention, said respondent refused to call said election on said recall petition. After quite an extended hearing upon the issues thus joined the trial court made findings in favor of the petitioners, whereupon the mandatory writ was issued, as prayed for.

It is conceded that the charter vests in the respondent the authority to hold the hearing provided for by section 2, that he held the same and made and published his findings, as stated in his return, and that there are no provisions of law providing for an appeal from such action. The case is therefore governed by the well-established principle that whenever any person or persons have authority to hear and determine any question, their determination is, in effect, a judgment having all the incidents and properties attached to a similar judgment pronounced in any regularly created court of limited jurisdiction acting within the bounds of its authority. Hence, whenever any board, tribunal, or person is by law vested with authority to decide a question, such decision, when made, is *res adjudicata*, and as conclusive of the issues involved in the decision as though the adjudication had been made by a court of general jurisdiction. *Monroe v. Beebe*, 10 Okla. 581, 64 Pac. 10; *Board of Co. Com'rs v. State ex rel. Cobb*, 31 Okla. 196, 120 Pac. 913; *Norris v. Cross, Secretary of State*, 25 Okla. 287, 105 Pac. 1000; *Roberts v. Marshall*, 33 Okla. 716, 127 Pac. 703; *Chesney, City Clerk, v. Jones*, 31 Okla. 363, 126 Pac. 715; *Dunham v. Ardery*, 43 Okla. 619, 143 Pac. 331, L. R. A. 1915B, 233. In the latter case, which is similar to the case at bar, it was held:

"Where the duties devolving upon a ministerial officer require the exercise of discretion and judgment, and such officer has acted, although erroneously, a writ of mandamus may not lawfully issue to review, reverse, or correct the erroneous decision of such officer, nor to control his decision, even though there may be no other method of review or correction provided by law."

Counsel for petitioners concede the soundness of the foregoing rule, but contend that in the case at bar it was

alleged and proven, and the trial court so found, that the respondent acted arbitrarily and fraudulently in the performance of his duties, and therefore this case does not fall within the rule. In this we cannot agree with counsel. It is true that where an officer acts arbitrarily or fraudulently, a writ of mandamus may issue to require the performance of his duties. *Dunham v. Ardery, supra.* But, in our judgment, in the case at bar there were no allegations or facts showing that the respondent acted arbitrarily or fraudulently. By statute in this jurisdiction (sections 4913, 4914, and 4915, Rev. Laws 1910), the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and the further proceedings had in the same manner as in a civil action. *Finley v. Territory ex rel. Keys,* 12 Okla. 621, 73 Pac. 273; *State ex rel. v. Cummings,* 47 Okla. 44, 147 Pac. 163.

The alternative writ in the case before us contains no allegation that by any fair inference can be construed into the charge of fraud or arbitrariness on the part of the respondent in the matter of conducting the hearing provided for by section 2 of the charter. While the petition for a writ of mandamus is not a part of the pleadings in the case, we may assume, as counsel contend, that for certain reasons set out in their brief we must treat it as a pleading, and still the petitioners would be no better off. The allegation in the petition, which they contend charges fraud and arbitrariness, is the one to the effect that respondent's failure and refusal to call an election as prayed for in said petition is arbitrary and without authority of law and without excuse or valid reason, and for the sole purpose of defrauding relators and all the lawful electors of said city out of the opportunity

8—53

of voting upon the recall of said commissioners. There is not a line in this petition which tends to show, or inform the court, that the respondent in conducting the proceeding required by section 2 acted arbitrarily or fraudulently. Neither did anything occur at the trial to indicate that in passing upon the sufficiency of the recall petition the respondent acted fraudulently or arbitrarily. From the record before us, it is apparent that the trial below proceeded upon the theory that the court had authority to inquire into the proceedings had before the respondent in somewhat the same manner as if the cause were before the court upon appeal, to be tried *de novo.* This is made quite apparent by a brief examination of the conduct of the trial as disclosed by the record before us. The respondent was testifying as to the hearing had before him, pursuant to the terms of the charter. He stated, in effect, after an examination of the recall petition and comparing it with the last general election list:

"I found that it contained less than the required number of signatures and thereupon caused said findings to be published in pursuance of the charter."

After quite an extended examination and cross-examination, which seems to us to have accomplished no more than verify the statements made by respondent in his return, he addressed the court as follows:

"Your honor, I have made this finding once, and I have testified that it is correct."

By the Court: "We are going to make it again; the court is going to help you make it this time."

By the Witness: "All right."

This and subsequent parts of the proceedings clearly show that the trial court was of the opinion that it was

his duty to review the action of the respondent in the matter of passing upon the sufficiency of the recall petition by checking the same with the last general election list, and wherever there was conflict between the judgment of the respondent and the judgment of the court, the judgment of the court should prevail. For instance, the respondent testified that he did not count the name purporting to be the name of Ed Bradley, for the reason that said name was illegible on each recall petition; whereupon, by request of counsel for relators, each of said petitions containing the purported name of Ed Bradley was submitted to the court and by him examined, the court finding that said name was legible and was the name of said Ed Bradley, to which respondent objected for the reason it was incompetent, irrelevant, and immaterial, which objection was by the court overruled and the respondent excepted— And so on through the list of names over which there was any controversy, the result being that the court found the recall petition sufficient after he had restored thereto a considerable number of names which the respondent found were not legal signatures.

In our judgment, the trial court exceeded its authority. There was no allegation nor proof of fraud on the part of the respondent in the matter of conducting the hearing, or making his findings in the matter of the sufficiency of the recall petition; and as this, by the terms of the charter, was his exclusive duty, the court was not justified in making another finding or in helping the respondent to make one.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with direc-

tions to proceed in accordance with the views herein expressed.

All the Justices concur.