**WORLEY, Mayor, et al. v. FRENCH.**

No. 28517.   Nov. 15, 1938.

Rehearing Denied Dec. 13, 1938.

Melton, McElroy & Vaughn, for plaintiffs in error.

Hatcher & Bond and Gerald Spencer, for defendant in error.

GIBSON, J.   This appeal is from a decree of the district court of Grady county entered October 26, 1937, permanently enjoining the enforcement of section 7 of an ordinance adopted on August 12, 1937, by the city of Chickasha, the terms of which section fix a minimum taxicab fare to be charged within the limits of that city.

The parties are herein referred to as they appeared below.

The ordinance provided for the licensing, inspection, and other regulation of the operations of taxicabs within that city. Section 7 thereof provided as follows:

"Section 7.   Rates.—All persons, firms or corporations, owning, operating or controlling any taxicab within the limits of the city of Chickasha, shall charge a minimum fare of 10c per person."

Ray Thomas owned and operated a taxicab service in that city and filed his suit against the city of Chickasha, its mayor and chief of police, as defendan's, seeking injunctive relief against the enforcement of said ordinance.

Upon hearing had, the district court found the provisions of said ordinance other than said section 7 valid, legal, and enforceable; and specifically found, and so decreed, section 7 invalid and unenforceable, and enjoined enforcement of said section.   To this action the defendants excepted and appealed to this court.

Defendants present their appeal upon the single proposition that under the legislative authority the city of Chickasha had express and implied powers and authority to fix minimum rates to be charged by taxicabs operating within the corporate limits of said city as provided by section 7 of said ordinance.   The validity of said section 7 only is here at issue.

The city of Chickasha is a city of first class operating under general statutory provisions.

Defendants urge that power and authority is vested in said city for the enactment and enforcement of said section 7 under the provisions of section 6349, O. S. 1931 (11 Okla. St. Ann. sec. 568), and section 6380, O. S. 1931 (11 Okla. St. Ann. sec. 642), being the provisions relating to the general powers of municipalities effective since the advent of statehood.

Defendants would give to those later enacted and specific legislative provisions respecting the operation of automobiles for hire, being sections 6434, 6435, and 6436,

O. S. 1931 (47 Okla. St. Ann. secs. 221-223), a more limited scope than the terms thereof provide.

Were we to assume, without deciding, that the general power sections relied upon by defendants included, as defendants urge, the power to fix taxicab rates, the later enactments expressly legislating on the regulation of automobiles for hire, and which sections (6434) authorize regulations by a city which "may include any other requirement reasonable in its nature," these later specific enactments will prevail over the former statute as to the subject matters embraced within the later enacted statutes.

"The Legislature is presumed to have had former statutes before it, to have been acquainted with their judicial construction, and to have passed new statutes on the same subject with reference thereto. * * * If it can be gathered from a subsequent statute in pari materia what meaning the Legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute." 25 R. C. L. pp. 1063, 1064; 59 C. J. 1056, 1057.

These later sections (6434, 6435, 6436) were construed by this court, with especial reference to the matter of fixing taxicab rates, in the case of Y & Y Cab Service v. Oklahoma City (1933) 167 Okla. 134, 28 P.2d 551, and the conclusions reached in that case are determinative of the issue here.

Affirmed.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur.