Raymond **MOREHEAD** et al., Proponents,

v.

Wanda **DYER**, City Clerk of Comanche, Oklahoma, et al., Contestants.

No. 46466.

Supreme Court of Oklahoma.

Oct. 16, 1973.

Rehearing Denied Feb. 20, 1974.

Garvin, Bonney & Weaver by T. M. Weaver, Duncan, for contestants.

George W. Moser, Comanche, for proponents.

HODGES, Justice.

The City of Comanche has adopted the council manager form of municipal government. An initiative petition was filed with the city clerk and circulated under the auspices of the opponents. The counterparts of the petition were thereafter timely filed with the city clerk. The pertinent parts of the initiative petition follows:

We, the undersigned citizens and legal voters of the City of Comanche, State of Oklahoma, respectfully order that the following amendment to the City Charter shall be submitted to the legal voters of the City of Comanche, Oklahoma for their approval or rejection, at the regular City General Election to be held on April 3, 1973, (or at a special City Election), and each for himself says:

I have personally signed this petition: I am a legal voter of Comanche, Oklahoma. My residence and post office are correctly written after my name. The time for filing this petition expires 30 days from February 15, 1973.

The question we herewith submit to our fellow voters is: Shall the Charter of the City of Comanche, Oklahoma be amended to provide for the recall of a City Councilman as follows:

\* \* \* \* \* \*

BE IT ORDAINED by the people of the City of Comanche, Oklahoma:

### SECTION I

When a petition is signed by 25% of the number of legal voters, voting in last general City Election requests that a Councilman be recalled.

The Mayor of the City of Comanche, Oklahoma shall within 30 days order said election be held, and if at said election a majority of the legal voters, cast votes for the recall of said Councilman, said Councilman shall be recalled, and his office vacated.

### SECTION II

When a Councilman has been recalled, or resigns, the remaining members shall fill vacancies of its members until the next General City Election.

Protests to the sufficiency were filed and upon notice hearing on the protests was conducted. The salient points of the protests are:

1. (not material)

2. That said initiative petition is invalid and insufficient on its face for the reason that the same request the submitting to the voters of the City of Comanche, Oklahoma a proposed amendment to "The Charter of the City of Comanche, Oklahoma", when, in fact, said City of Comanche does not have a charter which could be amended by the voters of said city, but rather said city is governed by the Statutes of the State of Oklahoma which pertain to the "Statutory Council-Manager" form of city government.

3. That said initiative petition does not contain a sufficient number of valid signatures of legal voters of the City of Comanche, Oklahoma, as required by law for the submission of said question to

the voters of the City of Comanche, Oklahoma.

4. That said initiative petition is not in the proper form as required by law.

The city clerk held the initiative petition invalid, insufficient and void on its face and held that the question proposed thereunder should therefore not be submitted to the voters. The city clerk further held that because the initiative petition is void on its face there was no reason for the city clerk to make any findings regarding other objections asserted by the contestants.

Upon assignment by the court to a referee both proponents and contestants were directed to file respective preliminary briefs challenging and defending the decision of the city clerk on the purely legal question of the sufficiency of the initiative petition under the law. Thereafter the referee heard oral argument by the respective counsel on the issue, and has reported his findings, conclusions of law, and recommendations to the court.

Proponents stipulated at oral argument that the form of municipal government of the City of Comanche is Statutory Council Manager as authorized by 11 O.S.1971 §§ 961.1 through 961.34. Proponents contend that the cited sections constitute a statutory charter and thus that the City of Comanche has in fact a charter form of municipal government.

■ The charters of municipalities are constitutionally sanctioned under Const. Art. 18 § 3(a) and the section is self-executing. State v. Scales, 21 Okl. 683, 97 P. 584. The procedure for adoption by eligible cities of a charter is therein set out. While the ordinance adopting the code of ordinances and establishing for Comanche a council-manager municipal government sets out in an appendix a marginal note to the effect that the statutes 11 O.S.1971 § 961.1 through 961.35 serve as a statutory charter for the city, that declaration is of no significance. In the ambience of municipal government the word charter is a word of art and can only refer to a municipal charter adopted as constitutionally provided, at an election conducted for that purpose and upon compliance with all the procedural provisions constitutionally enjoined or conformably with related statutes, 11 O.S.1971 § 558 et seq.

■ This court, in Hughes v. Bryan, Okl., 425 P.2d 952 affirmed the decision of a city clerk in a cause invoking a municipal initiative petition. There we held a proposed law or ordinance should be sufficiently specific in its terms so that a voter can reasonably know and understand what the law or ordinance will be or do if enacted. The gist of the proposal in the instant matter is confusing initially because it is presented as a purported amendment to a non-existent municipal charter. Where an initiative petition appears invalid on its face the municipal clerk with whom it is filed may declare it insufficient for submission to a vote. Community Gas and Service Company v. Walbaum, Okl., 404 P.2d 1014.

■ There is no constitutional or statutory provision for recall elections. The reported cases all have arisen under municipal charter provisions for recall elections. Those charter provisions, where they exist, are not exclusive and do not supercede related statutes on removal of officials for cause, but the two are cumulative and each is operative. Burns v. Linn, 49 Okl. 526, 153 P. 826. Elections which municipalities operating under council manager government can conduct under the statutes do not include recall elections. The power of non-charter municipalities are such as are expressly granted or necessarily implied from a statute. Development Industries, Inc. v. City of Norman, Okl., 412 P. 2d 953. Legislative dominion over the scope of general public concern is by the State denied to all municipal governments. Sapulpa v. Land, 101 Okl. 22, 223 P. 640, 35 ALR 872. Terms of elective municipal officers fixed by statute cannot be vitiated by a recall election conducted under a municipal ordinance, but where, and only where, a municipal charter, prevailing over

statutes in purely municipal concerns, authorizes recall elections, they are locally permissible under the law. Chesney v. Jones, 31 Okl. 363, 126 P. 715.

██ The City of Comanche being a non-charter municipality they are unable to enact recall elections and therefore the decision of the City Clerk holding the initiative petition invalid is affirmed.

WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., dissents.