The Attorney General is in receipt of your request for an official opinion wherein you ask, in effect, the following questions: 1. Does 70 O.S. 5-134 [70-5-134] (1971) limit the expenditures of school district funds to the publication of a single notice of election ? 2. If the answer to the first question is in the negative, what recourse is there in the event of an unauthorized expenditure ? Broad powers are granted to the boards of education of school districts in 70 O.S. 5-117 [70-5-117] (1979). These powers deal with the maintenance of ongoing educational programs in the districts, and include such items as operation of necessary facilities, construction of buildings, compensation of employees, purchase of equipment and supplies, management of property "and may . . . incur all expenses, within the limitations provided by law, necessary to carry out and fulfill all duties . . . ." 70 O.S. 5-117 [70-5-117] (1979). The statute to which your question is specifically related, 70 O.S. 5-134 [70-5-134] (1971), deals exclusively with emergency and building fund levy elections. 70 O.S. 5-134 [70-5-134] states in pertinent part: "No later than December 31 of each year the board of education of each school district of the state shall prepare . . . a preliminary estimate of the amount or amounts of money and tax rate or rates which it then believes will be required for the district for the ensuing year; and if such preliminary estimate shows an estimated need for a levy requiring the approval of the school district electors of the district . . . such preliminary estimate shall contain a call for an election . . . to vote on the question of making such levy or levies . . . such preliminary estimate shall be published in one issue of a newspaper having general circulation in the district at least ten (10) days before such election . . . . Notice of any election called under the provisions of this section shall be given by publication in one issue of a newspaper having general circulation in the school district at least ten (10) days before such election." The powers to be exercised by the school district, have been held to be that of a "municipal corporation," Joint School Dist. No. 132 in Major Co. 
Alfalfa Co. v. Dabney, 127 Okl. 234, 260 P. 486 (1927), and are limited to those granted by express words, those which may be necessarily and fairly implied or those which are incidental to those expressly granted, and those which are essential to the declared purposes of the corporation. Mitchener v. City Cmr's. of City of Okmulgee, 100 Okl. 98,228 P. 159 (1924); Worley v. French, 184 Okl. 116, 85 P.2d 296
(1938); Board of Education of Okla. City v. Cloudman,185 Okl. 400, 92 P.2d 837 (1939); Development Industries, Inc. v. City of Norman, Okl., 412 P.2d 953 (1966); Morehead v. Dyer, Okl., 518 P.2d 1105 (1973). The authority to call an election for an emergency levy is expressly granted by 70 O.S. 5-134 [70-5-134]. The requirement of the publication of a notice of election is a mandatory procedural step in the calling and holding of such an election. Nothing contained in the language of 70 O.S. 5-134 [70-5-134] speaks to publications other than the notice of election. 70 O.S. 5-134 [70-5-134] cannot be said to expressly nor impliedly either permit or prohibit additional publications relative to such an election at public expense or otherwise. The law as contained in 70 O.S. 5-134 [70-5-134] simply does not speak to the issue. The statutory powers granted to local boards of education generally are broad. 70 O.S. 5-117 [70-5-117] (1979). However, nowhere in the enumerated powers of local boards of education is there to be found any express authority to expand public funds under their administration in support of opposition to or in relation to a question before the people at an election. Unless the authority to expand school district funds in conjunction with an election is "necessarily and fairly implied" or "essential" to the declared purpose of operating the public schools, there is no authority to support such an expenditure. The expenditure of public funds to influence the outcome of an election or relative to an election except as required to merely publicize the holding thereof is not an activity particularly favored by the law. Such activities are expressly prohibited, for example, in elections on initiative or referendum. 26 O.S. 16-119 [26-16-119] (1978). It is difficult to necessarily and fairly imply the existence of a power to do an act which is at best of questionable public policy. More particularly with respect to 70 O.S. 5-134 [70-5-134] emergency millage elections, there appears little justification for the expenditure of school district revenues to support the raising of additional school district revenues. School districts as political bodies corporate are not intended to operate as private corporation where the expenditure of capital is "essential" to the realization of profits. School districts operate on funds the superior sovereign, either the Legislature or the people of the district, make available for the performance of its public function. Neither the school district nor its board of education have any proprietary or official interest in the outcome of a millage election. Their function is to provide the best educational services possible given the funds made available to them. The ability to expend public funds on materials or publications relative to an election is not essential to providing a public education. The Constitution of the United States and the State of Oklahoma secure to all citizens the freedom and the right to participate fully in the electorial process. Citizens are free to expend their resources for or against any issue. Absent express statutory authorization school districts and local boards of education may not expend public funds in their care for such a purpose. Your second question cannot be answered as any answer would necessarily vary depending upon the facts of any given situation. Additionally, to further speculate in this area would be tantamount to prejudging the conduct of public officials without knowing exactly what they have done or omitted to do. We must, therefore, decline to answer your second question as it presents a matter for factual determination and not a question of law. It is, therefore, the official opinion of the Attorney General that school districts and local boards of education have no express or implied authority to expend public funds in their care for publications or materials relative to an emergency millage election as provided for by 70 O.S. 5-134 [70-5-134] (1971) except as to the notice of election therein required. (JOHN F. PERCIVAL) (ksg)