OPINION — AG — BASED UPON THE PURPOSE FOR WHICH THE VARIOUS SYSTEMS OF EDUCATION ARE ESTABLISHED, ADVERTISING THE MERITS OF AN INSTITUTION BY SCHOOL FURNISHING COMMON EDUCATION IS UNNECESSARY TO THE PURPOSE OF SUCH SCHOOLS AND WOULD THEREFORE BE UNAUTHORIZED WHILE ADVERTISING THE MERITS OF VOCATIONAL TECHNICAL SCHOOLS AND INSTITUTIONS OF HIGHER EDUCATION IS AUTHORIZED AS A POWER NECESSARILY AND FAIRLY IMPLIED FROM THE PURPOSE FOR WHICH THESE INSTITUTIONS WERE ESTABLISHED. (TAX SUPPORTED SCHOOLS) CITE: 70 O.S. 1979 Supp. 5-117 [70-5-117], 70 O.S. 1971, 14-101 [70-14-101], 70 O.S. 1975 Supp. 14-108 [70-14-108], OPINION NO. 74-143 (KAY HARLEY JACOBS) * SEEK OPINION NO. 86-109 (12-18-86) FOR DETAILS * ** SEE OPINION NO. 88-043 (1989) ** ** SEE OPINION NO. 92-604 (1992) ** SEE OPINION NO. 96-003 (1996) ** FILENAME: m0011021 Representative George Camp Attorney General of Oklahoma — Opinion October 20, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Do tax-supported public schools in Oklahoma, including schools furnishing common education, vocational-technical education and higher education, have authority to expend tax money to advertise the merits of their institutions? Schools furnishing common education in Oklahoma are governed by the local board of education in each district. The powers granted to the boards of education of school districts are set forth in 70 O.S. 5-117 [70-5-117] (1979). Those powers include such things as operation of the necessary facilities, construction of buildings, compensation of employees, purchase of equipment and supplies, management of property the power to incur "all necessary expenses, within the limitations provided by law necessary to carry out and fulfill all powers . . ." The powers to be exercised by the school district, have been held to be that of a "municipal corporation," Joint School Dist. No. 132 in Major Co. 
Alfalfa Co. v. Dabney, 127 Okl. 234, 260 P. 486 (1927), and are limited to those granted by express words, those which may be necessarily and fairly implied and those which are essential to the declared purposes of the corporation. Mitchener v. City Cmr's. of City of Okmulgee,100 Okl. 98, 228 P. 159 (1924); Worley v. French,184 Okl. 116, 85 P.2d 296 (1938); Board of Education of Okla. City v. Cloudman, 185 Okl. 400, 92 P.2d 837 (1939); Development Industries, Inc. v. City of Norman, Okl., 412 P.2d 953
(1966); Morehead v. Dyer, Okl., 518 P.2d 1105 (1973). Under 70 O.S. 5-117 [70-5-117] (1979) there is no express grant of authority to the local boards of education which allows them to advertise the merits of their institutions. It must then be determined whether such a power can be necessarily and fairly implied from the powers granted or whether such power is essential to the declared purpose of the school district. The purpose of local school districts is to provide public education to all children of the State of Oklahoma as required by Okla. Const., Article I, Section 5. Which school a student will attend is a matter regulated by statute and focusing upon residence. It should also be noted, that attendance in the area of common education is mandatory rather than voluntary. Therefore, a student must attend school, and what school the student attends is determined by law. Advertising the merits of a particular school would not be essential to the purpose of a school district providing common education, nor could such a power be necessarily and fairly implied from the powers expressly granted. Vocational-technical education is governed by 70 O.S. 14-101 [70-14-101] et seq. (1971) As previously stated, school districts, including vocational-technical districts, are considered municipal corporations and as such are limited to the exercise of those powers expressly granted, those which may be necessarily and fairly implied or those essential to the declared purpose of the corporation. Area vo-tech districts are governed by the district board of education. Title 70 O.S. 14-108 [70-14-108] (1975) as amended by Laws 1980, c. 93, 1 provides, "such board of education shall have the same powers and duties that boards of education of independent school districts have." As such, vo-tech school districts also have broad powers including such items as operation of facilities, construction of buildings, purchase of supplies and the power to "incur all necessary expenses within the limitations provided by law necessary to carry out and fulfill all powers . . ." Vo-tech districts are established for the purpose of providing programs of public benefit by offering training to individuals in a broad range of technical areas. Unlike the area of common education, attendance at a vo-tech school is voluntary rather than mandatory. There is no statute delineating who shall attend a vo-tech school. Based upon the foregoing, it can be necessarily and fairly implied that vocational-technical institutions may advertise the merits of their institutions, in order to provide educational information to inform the public of the various training programs being offered. Institutions of higher education are institutions of collegiate education beyond the secondary level. Atty. Gen. Op. 74-143 (1974). Again, as in the area of vocational-technical education, there is no statutory requirement for attendance. The State is under no obligation to provide a system of education beyond the secondary level. In the area of higher education there is no standard mandatory curriculum requirement, nor is there any residential restriction upon attendance. Institutions of higher education are supported by public funds, a part of which is comprised of tuition fees. Based on the foregoing, it seems implicate in the very nature of such institutions that they have the power to advertise their merits. It is, therefore, the official opinion of the Attorney General that based upon the purposes for which the various systems of education are established, advertising the merits of an institution by schools furnishing common education is unnecessary to the purpose of such schools and would therefore be unauthorized while advertising the merits of vocational-technical schools and institutions of higher education is authorized as a power necessarily and fairly implied from the purpose for which these institutions were established. (KAY HARLEY JACOBS) (ksg) ** SEE: Opinion No. 96-003 (1996) ** ** SEE: Opinion No. 92-604 (1992) (unpublished) ** ** SEE: Opinion No. 88-043 (1989) **