Dear Commissioner Grimes,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Does 51 O.S. 168 (1981) permit use of a local schooldistrict's funds to purchase health insurance for students?
¶ 1 Title 51 O.S. 168(A) (1981) is part of the Governmental Tort Claims Act, and provides:
A. The board of education of any school district may:
 1. Insure the school district against all or any part of any liability it may incur for death, injury or disability of any person, or for damage to property, either real or personal;
 2. Insure any employee of the school district against all or any part of his liability for injury or damage resulting from an act or omission in the scope of employment;
 3. Insure against the expense of defending a claim against the school district or its employee, whether or not liability exists on such claim; or
 4. Insure the school district or its employee against any loss, damage or liability as defined by 36 O.S. 702 through 36 O.S. 708 of the Oklahoma Statutes, or other forms of insurance provided for in title 36 of the Oklahoma Statutes.
The cost or premium of any such insurance is a proper expenditure of the school district.
¶ 2 The powers to be exercised by a school district have been held to be those of a "municipal corporation," Joint School District No. 132 In Major County and Alfalfa Co. v. Dabney,260 P. 486 (Okla. 1927), and are limited to those granted by express words, those which may be necessarily and fairly implied, and those which are essential to the declared purpose of the corporation. Morehead v. Dyer, 518 P.2d 1105 (Okla. 1973).
¶ 3 To answer your question completely, we must first consider two other statutes. After examining 70 O.S. 5-117 (1989), which defines the powers of school districts, and 74 O.S. 1301-74O.S. 1323 (1989), which is the State and Education Employees Group Insurance Act, we find that the Legislature granted no authority — express or implied — to a school district to purchase health insurance for students. Cf. A.G. Opin. No. 83-117 (the authorization to employ nurses cannot be enlarged by the local board of education into a policy allowing nurses to dispense medications).
¶ 4 Therefore, having determined that these statutes do not grant school districts this authority, we turn to 51 O.S.168(A) (1981), now a section of the Governmental Tort Claims Act.
¶ 5 Under 51 O.S. 168(A)(4) (1981), the Legislature has given school districts the express authority to purchase health and accident insurance, as defined in 36 O.S. 703 (1981), for employees. "Employee" is defined in 51 O.S. 168(A)(4) as:
 any person who has acted in behalf of a school district, whether that person is acting on a permanent or temporary basis with or without being compensated or on a full-time or part-time basis. Employee also includes all elected or appointed officers, members of governing bodies of a school district, and persons appointed, and the persons designated by a school district to act in its behalf.
(Emphasis added).
¶ 6 "In behalf of" has not been defined in the statute nor by an Oklahoma court. Therefore, these words should be understood in their ordinary everyday meaning. See, Hess v. Excise Board ofMcCurtain County, 698 P.2d 930 (Okla. 1985). Webster's ThirdNew International Dictionary defines this phrase as: "in the interest of," "as a representative of," "for the benefit of."
¶ 7 Although it is conceivable that in some situations a student might be an employee of the school district for the purpose of this statute, ultimately it is a question of fact which cannot be addressed in an opinion of the Attorney General.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that 51 O.S. 168(A) (1981) only authorizes schooldistricts to purchase health insurance for students if they meetthe statutory definition of "employees." Whether a student mightbe an "employee" under certain limited circumstances is aquestion of fact and cannot be answered in an Attorney GeneralOpinion.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JANE F. WHEELER ASSISTANT ATTORNEY GENERAL