Dear Representative Roan,
¶ 0 This office has received your request for an official Attorney General Opinion, in which you ask the following question:
 May qualified and registered voters of a municipality with a "statutory form of government" petition for, and may the municipality conduct, a recall election under the statute that provides for special elections without having a local ordinance that authorizes, or specifies the rules for, conducting a recall election?
 Statutory and Charter Forms of Government
¶ 1 Oklahoma recognizes four different statutory forms of municipal government:
 1. Statutory aldermanic form of city government (11 O.S. 2001, § 9-101[11-9-101]);
 2. Statutory council-manager form of city government (11 O.S. 2001, § 10-101[11-10-101]);
 3. Statutory strong-mayor-council form of city government (11 O.S. 2001, § 11-101[11-11-101]); and
 4. Statutory town board of trustees (11 O.S. 2001, § 12-101[11-12-101]).
¶ 2 Any municipal over 2,000 population may forego the statutory form of government to create its own charter for its governance. Okla. Const. art. 18, § 3(a).
 Any city or town containing a population of two thousand (2,000) inhabitants or more, as shown by the latest federal census or other census recognized by the laws of Oklahoma, may frame a charter for its own government.
11 O.S. 2001, § 13-101[11-13-101].
 Morehead v. Dyer
¶ 3 In 1973, the Oklahoma Supreme Court addressed the issue of recall elections in Morehead v. Dyer, 518 P.2d 1105 (Okla. 1973). An initiative petition was filed with the city clerk and circulated for voter signatures calling for an amendment to the Comanche city charter providing for the recall of a city councilman. Id. at 1106. The City of Comanche's form of government was the Statutory Council-Manager and there was no charter to amend. Id. at 1107. The city clerk held the initiative petition invalid and void on its face. Id. The Supreme Court held:
 There is no constitutional or statutory provision for recall elections. The reported cases all have arisen under municipal charter provisions for recall elections. Those charter provisions, where they exist, are not exclusive and do not supercede related statutes on removal of officials for cause, but the two are cumulative and each is operative. Elections which municipalities operating under council manager government can conduct under the statutes do not include recall elections. The power of non-charter municipalities are such as are expressly granted or necessarily implied from a statute. Legislative dominion over the scope of general public concern is by the State denied to all municipal governments. Terms of elective municipal officers fixed by statute cannot be vitiated by a recall election conducted under a municipal ordinance, but where, and only where, a municipal charter, prevailing over statutes in purely municipal concerns, authorizes recall elections, they are locally permissible under the law.
 The City of Comanche being a non-charter municipality they are unable to enact recall elections and therefore the decision of the City Clerk holding the initiative petition invalid is affirmed.
Id. at 1107-08 (citations omitted).
¶ 4 Similarly, we find no statutory authority for recall elections under provisions for a statutory aldermanic form of city government, a statutory strong-mayor-council form of city government or a statutory town board of trustees form of government. The same analysis the Oklahoma Supreme Court used inMorehead for a statutory council-manager form of city government applies to the three other statutory forms of city and town government.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Voters in a statutory form of city or town government cannot petition for a recall election of an elected municipal official and the municipality cannot hold a recall election. Morehead v. Dyer, 518 P.2d 1105, 1107-08 (Okla. 1973).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General