Matter of the Application of Ben REYNOLDS for Writ of Habeas Corpus.
No. A–12609.

Criminal Court of Appeals of Oklahoma.
July 16, 1958.

Paul Updegraff, Norman, for petitioner.

John M. Luttrell, City Atty., Norman, for respondent.

BRETT, Presiding Judge.

This is an original verified petition in habeas corpus whereby petitioner, Ben Reynolds, alleging he is being unlawfully restrained of his liberty by Chief of Police Robert Lester of the City of Norman, Oklahoma, seeks his release. He alleges, in substance, the cause of said restraint is, that he was charged, arrested, tried, and found guilty of a violation of Ordinance 440, Sec. 4.1 of the City of Norman, which, he contends, is void. His contention is further predicated upon the proposition that he was operating a used car establishment in a two-family residential dwelling district. He asserts that in the district there is a grocery store operating by reason of a re-zoning ordinance permitting the same. He further alleges the denial by the City Commission of a re-zoning ordinance by which he sought permission to operate his used car lot in said district in contravention to the City Charter and the zoning of said district is being enforced in a discriminatory manner.

To this petition, the City of Norman filed its response, in substance refuting the allegations of the petition. Rule to Show Cause was entered and the matter was set for hearing. In the hearing thereon, it appeared that the petitioner was the owner of lots 5 and 6 of Block 17, Highland Addition, Norman, Oklahoma. It was not disputed that at the time prior to January 28, 1958, the property herein involved was in the R-2 zone, restricted to two-family dwellings. On February 7, 1958, the petitioner was charged by complaint with the operation of a commercial venture, a used car lot, on the aforesaid property in violation of City Zoning Ordinance 440. It is not denied that in the R-2 district a piece of property had been re-zoned and a grocery store was operating thereon. It further appears that prior to January 28, 1958, petitioner had made application for re-zoning of his property into a C-2

area to permit the use thereof as car lot premises. Thereupon, a proposed ordinance for re-zoning was prepared by the City Commission with notice of protest to the property owners who would be affected, and more than twenty percent of the adjoining property owners affected protested the petitioner's request for re-zoning. A vote of the Commission was had on the re-zoning ordinance January 28, 1958, and only four Commissioners voted in favor of the proposed re-zoning ordinance.

Petitioner contends that under the City Charter, a vote of four Commissioners was sufficient to pass the ordinance. Respondent contends under state law a three-fourths favorable vote was required. The petitioner predicates his contention upon the provisions of the City Charter, Sec. 2, as follows:

"Section 2. *Term of Office and Qualifications.* All legislative powers, except the initiative and referendum, shall be vested in a Commission, consisting of seven members elected at large, four of whom shall constitute a quorum and the affirmative vote of four members shall be necessary to adopt any motion, resolution or ordinance, or pass any measure."

The city bases its arrest of the petitioner upon the declaration by the Mayor that the proposed ordinance not having received three-fourths vote of the City Commission, it failed to pass. This declaration is predicated upon the provisions of Zoning Ordinance 440, Sec. 4.1, reading, in part, as follows:

"4.1 *Passage by the City Commission:* Every such proposed amendment shall be referred by the City Planning Commission for report. Any such amendment that has failed to receive the approval of the City Planning Commission shall not be passed by the City Commission except by a three-fourths (¾) vote. If a protest against such amendment be presented, duly signed and acknowledged by the own-

ers of twenty per cent (20%) or more of the land within such area proposed to be altered, or by the owner of twenty per cent (20%) or more of the area of the lots immediately abutting either side of the territory included in such proposed change, or separated therefrom only by an alley or street, such amendment shall not be passed except by the favorable vote of three-fourths (¾) of the City Commission.

"If such amendment will transfer an area to a less restrictive use and a protest is presented duly signed and acknowledged by the owners of twenty per cent (20%) of the land adjacent to and within two hundred (200) feet, not counting streets and alleys, from such an area proposed to be transferred, such amendment shall not be passed except by a three-fourths (¾) vote of the City Commission."

This requirement of the City Ordinance conforms to the requirements of 11 O.S. 1951 § 405, as follows:

"Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed. In case, however, of a protest against such change, signed by the owners of twenty percent or more either of the area of the lots included in such proposed change, or by the owners of twenty percent or more of the area of the lots immediately abutting either side of the territory included in such proposed change, or separated therefrom only by an alley or street, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality. * * *"

 The City Charter contains no provisions whatever in regard to zoning, but provides "the City shall have such powers as are granted by the statutes and Constitution of the State of Okla-

homa." Under these conditions, the zoning ordinances are of necessity predicated upon the provisions of 11 O.S.1951 § 405, supra, granting zoning powers to cities. The City Charter not expressly providing for zoning ordinances, the power to enact zoning ordinances is derived from legislative enactments. Under these conditions, we are of the opinion that the matter of zoning would be governed both by the state statutes covering such matters and the city ordinances passed in conformity therewith. The matter not being expressly provided for in the Charter, but the power to resort to state statutes being therein granted, the city is bound to act in conformity with the statutory provisions. There is no other source of power, in this instance, from which the city can derive authority for zoning. Otherwise, the zoning power sought to be exercised would not be in conformity with law. Makrauer v. Board of Adjustment of City of Tulsa, 200 Okl. 285, 193 P.2d 291, 293, wherein the Supreme Court said:

"In several cases this court has stated that the power of cities in Oklahoma to pass zoning ordinances came from and by the State Zoning Act of 1923 * * *. It is urged that we should not disapprove or depart from those statements in former decisions, but we are not so persuaded."

The contention that this is a conflict between the City 'Charter and the statutes is therefore without merit. The City Charter provides that at least four votes of the City Commission shall be necessary to pass ordinances, etc., and applies to powers sought to be exercised under express grants contained in the Charter. It establishes a minimum vote. It does not say that where the state statutes, under which the exercise of a grant of power is sought, a greater number than four votes may not be required, as in this case, a vote of not less than three-fourths of the Commission.

One reason for the three-fourths vote requirement is to avoid the sometimes unreasoned and arbitrary exercise of power by a bare majority who may be animated by some whim or caprice. The three-fourths requirement is to protect the property owner in his continuity of rights or restrictions which may have existed at the time he acquired the property or thereafter attached before re-zoning is sought. This is not an unreasonable requirement. In McQuillin on Municipal Corporations, 3d Ed., Sec. 25.245, it is said:

"Zoning statutes quite commonly require, relative to amendment of zoning ordinances, that in event of protests of certain affected property owners or a specified percentage of them, the amendment can be enacted by the municipal legislative body only by a unanimous vote, or a three-fourths, or other prescribed vote more than a bare majority. * * * An amendment adopted in disregard of protests of property owners and in violation of such a requirement is void."

In view of the foregoing conclusions, we are of the opinion the action of the Mayor in declaring the re-zoning ordinance by which petitioner sought to change the character of his property from R–2, family dwelling area, into C–2 area did not receive sufficient votes in the Commission was not in contravention of the City Charter. In this connection, see Russell v. Murphy, 177 Okl. 255, 58 P.2d 560, 563, in which the Supreme Court said:

"* * * the method and procedure for amending a zoning ordinance is equally plain and unambiguous in its terms requiring a favorable vote of three-fourths of all the members of the legislative body in order to amend a zoning ordinance over the protest of 20 per cent of the property owners affected. And in view of the provisions of the charter and of the statute and the construction placed upon similar provisions of jurisdictions where this question has been adjudicated, it is imperative that this court hold that the ordinance was not adopted by the necessary three-fourths vote of all the members of the legisla-

tive body, as required by the statute. It necessarily follows that the ordinance is invalid * * *."

By the same token, the petitioner's re-zoning ordinance in failing to receive a three-fourths vote of the City Commission as provided by law is invalid and the operation of the used car lot on the premises here in question was in violation of the zoning ordinances of the City of Norman. Petitioner's arrest and prosecution was not contrary to law, since the Municipal Court of the City of Norman had jurisdiction of the petitioner's person, of the subject matter, and authority under the law to try him for violation of the city ordinance. In re Boyd, Okl.Cr., 302 P.2d 494. Relief by habeas corpus is therefore accordingly denied.

POWELL and NIX, JJ., concur.