DEVELOPMENT INDUSTRIES, INC., an Oklahoma Corporation, Plaintiff in Error,

v.

The CITY OF NORMAN, Oklahoma, a municipal corporation, Defendant in Error.

No. 40811.

Supreme Court of Oklahoma.

March 29, 1966.

Luttrell, Luttrell, Pendarvis & Livingston, Norman, for plaintiff in error.

Fielding D. Haas, Norman, for defendant in error.

LAVENDER, Justice.

This cause presents the question of whether or not a city commission under certain circumstances hereinafter stated may validly provide in one ordinance that the enactment of a subsequent amending ordinance may only be accomplished by the affirmative votes of three-fourths of the city commission.

The case arose as follows: The plaintiff in error as owner of certain lands in the City of Norman, which lands had been placed in an agricultural zoning classification, made application to the City Commission of Norman to transfer said property to a multi-family dwelling classification. The plaintiff's application was referred in due course to the City Planning Commission for its study and recommendation. Thereafter, the Planning Commission recommended that plaintiff's property be transferred not to a multi-family classification but to a single-family dwelling class. To this recommendation plaintiff refused to accede and re-urged its original application for a change of classification to multi-family dwelling. Thereafter the City Commission purported to enact, by the vote of four of the seven members thereof, Ordinance No. 1488, having for its purpose the transfer of plaintiff's property, as he requested, to a multi-family dwelling classification. The mayor and other officials of the city refused to consider said Ordinance No. 1488 as having been validly enacted, and plaintiff brought this action in the District Court of Cleveland County asking for a declaratory judgment of that court to the effect that said Ordinance No. 1488 was a valid and subsisting act of the legislative body of the City of Norman. The City of Norman contended, and the trial court apparently found, that said Ordinance No.

1488 was not validly enacted because it failed to receive a three-fourths vote of the membership of the city commission as required by the provisions of Section 440.4.1 of the comprehensive zoning ordinance of the City of Norman, hereinafter referred to as Section 440.4.1 of the Code, which provisions are hereinafter partially quoted and which, for the sake of simplicity and ease of study, have been arbitrarily divided into two separate paragraphs, as follows:

"* * * Any such amendment that has failed to receive the approval of the City Planning Commission shall not be passed by the City Commission except by three-fourths (¾) vote.

"If a protest against such amendment be presented, duly signed and acknowledged by the owners of twenty (20) percent or more of the land within such area proposed to be altered, or by the owner of twenty percent (20%) or more of the area of the lots immediately abutting either side of the territory included in such proposed change, or separated therefrom only by an alley or street, such amendment shall not be passed except by the favorable vote of three-fourths (¾) of the City Commission."

"* * *"

From the judgment adverse to the plaintiff property owner in the trial court, this appeal was prosecuted within the time and in the form as required by law. The parties will be referred to by their trial court designations.

The plaintiff presents its assignments of error under the following three propositions, which shall be by us considered in that order.

"I. Code Section 440.4.1, insofar as it purports to require more than a majority vote of the City Commission to pass a zoning amendment which has not been approved by the Planning Commission, is null and void because it is in conflict with state statutes covering the subject.

"II. Code Section 440.4.1 constitutes an invalid delegation of legislative power

by the City Commission to an inferior advisory board not elected by nor responsive to the people of the municipality.

"III. Code Section 440.4.1, at least as far as this property is concerned, was repealed by the passage of Ordinance No. 1488 by a majority of the City Commission of the City of Norman."

 At the outset, it should be noted that while the City of Norman has a charter, the same is silent insofar as authorizing the City Commission to enact zoning ordinances. The City Charter not expressly providing for zoning ordinances, the power to enact such ordinances is derived from legislative enactments. Application of Reynolds, Okl.Cr., 328 P.2d 441; Makrauer v. Board of Adjustment of City of Tulsa, et al., 200 Okl. 285, 193 P.2d 291. The zoning statutes are 11 O.S.1961, Secs. 401 to 425, inclusive. Upon examining these sections, we find that only one section, namely, Sec. 405, specifically mentions the necessity that three-fourths of the membership of the City Commission vote in favor of an ordinance amending a previously enacted zoning ordinance. We notice by said section that such three-fourths vote will only be required in the event twenty percent (20%) of the owners of land within the affected area, or abutting areas, file a written protest. It is, of course, a fact that no such protests were made to the adoption by the City Commission of the questioned Ordinance No. 1488, so therefore said Sec. 405 of the statutes is not applicable, and neither is the second paragraph of the cited portion of Sec. 404.-4.1 of the Code of the City of Norman, which apparently is an adoption verbatim of Sec. 405 of the statute.

Plaintiff argues that the first paragraph of the cited Sec. 440.4.1 of the Code of the City of Norman, which provides in part,

"* * * Any such amendment that has failed to receive the approval of the City Planning Commission shall not be passed by the City Commission except by three-fourths (¾) vote."

was invalid because it conflicted with a state statute prescribing the quantum of votes required for the passage of an ordinance. Plaintiff cites in support thereof 25 O.S. 1961, Sec. 31, which is as follows:

"Words giving a joint authority to three or more public officers or other persons, are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority."

Plaintiff further states that the last cited statute is fully applicable to determine the required number of votes for the passage of all zoning ordinances enacted under state law, except only in the circumstances provided for by Sec. 405 of 11 O.S.1961. Plaintiff argues therefore that only a bare majority vote of the city commission was required, and that such votes were cast for the adoption of Ordinance No. 1488, and that the same was validly adopted.

The position of the City on the other hand is that while it is true the City Commission in enacting zoning ordinances must look for the origin of its power to do so to the state statutes (the charter being silent on the subject) the city's authority rests in the statutes and in the city ordinances *enacted in conformity with those zoning statutes*, citing Application of Reynolds, supra.

One section of the zoning statutes (11 O.S.1961, Sec. 404) provides in part:

"The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. * * *"

The City contends that the last quoted section of the zoning statutes gave to the City Commission of the City of Norman the unrestricted authority to provide the manner in which zoning ordinances may be amended. That since Sec. 440.4.1 of the Code provides for other than a majority vote to adopt an ordinance amending a zon-

ing ordinance which has not had the prior approval of the Planning Commission, and since said ordinance was enacted in conformity with said Sec. 404 of the statutes that 25 O.S.1961, Sec. 31 has no application because there has been a change in the vote required as "otherwise expressed in the act giving the authority." In other words, the City contends Sec. 440.4.1 of the Code of the City of Norman was in a sense an extension of the state statute. The City further contends that the provisions of the charter of the City providing that an ordinance may be adopted by a vote of four members of the Commission is not applicable because the state statute controls the enactment of zoning ordinances, and even if applicable such charter provision establishes only a "minimum vote" necessary without prohibiting the City Commission from requiring a greater number of votes (than four) as necessary to the adoption of certain types of ordinances. This last contention, the City urges, finds support in the case, cited by both parties, of Application of Ben Reynolds, supra.

Upon analyzing the Reynolds case, we find that it arose in the City of Norman and involved the same section of the Code of the City of Norman as is here involved, that is, Sec. 440.4.1. However, it appears from the facts recited that said case involved a protest of twenty (20) percent of the owners of lands adjacent to the property being rezoned. Such being the facts in that case, the final decision there could not be considered as authority here. As a matter of fact, the Court of Criminal Appeals in that case found express statutory authority for the enactment of that portion of Code Sec. 404.4.1 which requires a three-fourths vote to amend zoning ordinances in the face of written protests by twenty (20) percent of the affected property owners.

In Bauman v. State ex rel. Underwood, 122 Ohio St. 269, 171 N.E. 336, cited by plaintiff, the city charter authorized enactment of zoning ordinances (but was silent as to quantity of votes needed for passage of zoning ordinances) and provided a majority of commission could adopt or amend ordinances. The Supreme Court of Ohio held "The charter is an authority superior to an ordinance in a charter city, and the council cannot, by ordinance, divest itself of power conferred upon it by the charter." The same reasoning applies in this case. The statute authorizing the adoption of zoning ordinances is silent as to authorizing a requirement of a three-fourths vote before approval over the objection of the planning commission of a zoning ordinance. The statute, to the contrary, provides (25 O.S.1961, Sec. 31) a majority of the commission could act.

■ A municipal corporation possesses and can exercise only those powers granted in express words, those necessarily or fairly implied or incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation. Mitchener v. City Com'rs. of City of Okmulgee, 100 Okl. 98, 228 P. 159, and Worley v. French, 184 Okl. 116, 85 P. 2d 296.

■ The powers of the city commission to enact zoning ordinances being derived from the statute, we concur in the view expressed in Rhyne on Municipal Law, p. 824, citing the Bauman case, wherein it is said: "In the absence of an express requirement to the contrary (either in the charter, or in the statute under which the power is exercised), a majority vote of the local legislative body is sufficient to amend a zoning ordinance; even though the zoning ordinance itself required a three-fourths vote * * *"

It should be noted that no objection is made to the effect that the action of the city commission in adopting Ordinance No. 1488 was not a reasonable exercise of its legislative powers under the zoning statutes, nor that the adoption of Ordinance No. 1488 was an arbitrary, unreasonable or capricious exercise of such power. See Oklahoma City v. Barclay, Okl., 359 P.2d 237.

■ As we have stated, we find no statute and have been cited to none, nor do we

find any case, nor has our attention been directed to any, which would permit the enactment of an ordinance such as the first paragraph of Code Sec. 440.4.1, which would require that if the planning commission gave its approval only a majority vote of the City Commission would be required to the adoption of amendments to the zoning ordinances, but if the approval of the planning commission was withheld a three-fourths vote of the commission would be required. Whether such an ordinance, even if validly enacted, would "constitute an invalid delegation of legislative power by the City Commission to an inferior advisory board * *" as argued by plaintiff in its second proposition, is not necessary to be decided herein. Nor do we find it necessary to pass upon plaintiffs' Proposition III.

Judgment reversed and cause remanded with directions to enter judgment sustaining as a valid enactment of the City of Norman, Oklahoma, its Ordinance No. 1488.