COUNTIES — ZONING Pursuant to the provisions of 19 O.S. 865.51 [19-865.51] through 19 O.S. 865.69 [19-865.69] (19710, a county may not engage in zoning as such; however, the county may adopt such rules and regulations which are necessary for the implementation and approval of plans related to the future development in the county. Further, no improvement may be made within the county of a type embraced within the plan of the county planning commission unless the proposed plan for such improvement is first submitted to the county planning commission for written recommendations. The Attorney General has received your letter in which you request our opinion on the following question: May a county engage in county-wide zoning pursuant to the provisions of 19 O.S. 865.51 [19-865.51] through 865.69? As you have noted in your letter, the Title of that act as originally passed by the Oklahoma Legislature in 1970 provided that Senate Bill No. 320 was: "An act relating to counties and county officers; providing for county planning and zoning . . ." As you have noted, although the word "zoning" appears in the title of the act, it is not used within the various provisions of the adopted legislation. The mere fact that the title of a statute is broader in terms and scope than the body of the act, does not affect its sufficiency. 101 C.J.S., Zoning, 4. More specifically, our courts in Oklahoma have held that the cardinal rule of statutory construction is to ascertain and give effect to the legislative intention. That intention is to be first sought in the language of the statute itself, and if it is there plainly expressed, it must be followed without further inquiry. Mid-Continent Pipeline Co. v. Stephens County, Ok;l., 312 P.2d 883 (1957). In that regard 19 O.S. 865.51 [19-865.51] (1971) provides as follows: "For the purpose of cooperating with the State of Oklahoma in conserving the natural resources of the state, and in promoting the health, safety, peace and general welfare of the people of the state, there may be provided in any county of the State of Oklahoma county planning in the manner herein provided, and for that purpose there is hereby authorized to be created in each of such counties a county planning commission and a county board of adjustment with the respective powers and duties as set out in this act . . . (Emphasis added) Title 19 O.S. 865.53 [19-865.53] (1971) provides as follows: "The territorial jurisdiction of the county, as respects administering and enforcing the rules and regulations as in this act provided, shall be the unincorporated portions of such county." (Emphasis added) Title 19 O.S. 865.57 [19-865.57] (1971) provides: "The commission may prepare, adopt, and from time to time revise, amend, extend or add to the plan or plans for the development of the area for the purpose of bringing about an orderly, coordinated physical development in accordance with the present and future needs." Title 19 O.S. 865.59 [19-865.59] (1971) provides that after the formal adoption of a plan by the county planning commission that no improvement of any type included within the recommendations of the plan shall be constructed or authorized without first submitting the proposed plans of the improvement to the Commission for their written recommendations. Section 19 O.S. 865.60 [19-865.60] further authorizes the county planning commission to: "Promulgate and adopt rules and regulations for the implementation and enforcement of plan or plans adopted in accordance with this act. (Emphasis added) It is generally recognized that there is a difference between the zoning function and planning function. A plan is considered to be a long term general outline of projected development of an area, while zoning is a specific precise tool used to implement that general plan. 101 C.J.S., Zoning, 4. The Oklahoma Supreme Court has held that the power to adopt land use regulations and specifically zoning ordinances must be derived from a legislative enactment. See Development Industries Inc. v. City of Norman, Okl., 412 P.2d 953 (1966). See also Application of Reynolds, Okl. Cr., 328 P.2d 441 (1958). It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Pursuant to the provisions of 19 O.S. 865.51 [19-865.51] through 865.69, a county may not engage in zoning as such; however, the county may adopt such rules and regulations which are necessary for the implementation and approval of plans related to the future development in the county. Further no improvement may be made within the county of a type embraced within the plan of the county planning commission unless the proposed plan for such improvement is first submitted to the county planning commission for written recommendations. (Steven E. Moore)