**Grear W. SHILLING et al., Appellants,**

**v.**

**The CITY OF BETHANY, Oklahoma, a Municipal Corporation, Appellee.**

**No. 48257.**

Court of Appeals of Oklahoma, Division 2.

April 6, 1976.

Released for Publication by Order of Court of Appeals July 1, 1976.

Fred Vaughan, Jr., Smith, Smith & Vaughan, Oklahoma City, for appellants.

David A. Davis, Oklahoma City, for appellee.

BRIGHTMIRE, Justice.

In effect, plaintiffs are here asking the court to hold that a given maximum implies an equivalent minimum. We decline to do so and affirm the trial court's rendition of a summary judgment denying the relief sought by plaintiffs, namely, to enjoin the City of Bethany, Oklahoma from enforcing a couple of land use regulatory ordinances. They appeal claiming, essentially, that the

ordinances are void because of their being in conflict with the city charter.

The facts are not in dispute. On April 24, 1973 the citizens of Bethany—a home rule entity—adopted an amendment to their city charter prohibiting erection of more than 12 single-family dwelling units per acre.[1] The amendment became effective August 20, 1973 upon being approved by the Governor. The next day the Bethany city council adopted a comprehensive zoning ordinance it called Title 45 containing 61 sections and a "Land Development and Subdivisions" ordinance referred to as Title 19 consisting of 10 sections.

Plaintiffs allege they own approximately 10 acres of land[2] in Bethany upon which they desire to build single-family units at the rate of twelve units per acre as "authorized" by the charter amendment. They complain, however, that the two ordinances in question limit construction to 7.26 units per acre and are therefore in conflict with the charter.

The zoning ordinance divides the municipality into density districts. Plaintiffs' property wound up in an "R–1—Residential —One-Family District" wherein the only type of residence permitted is a one-family dwelling. And, for such a dwelling, Title 19 prescribed lot minimums of 6,000 square feet overall with a 60-foot frontage—about 7.26 units per acre.

Plaintiffs unsuccessfully sought a change of zoning. They applied for a zoning variance. It was denied. They then filed this action. In granting defendant a summary judgment the trial court rejected plaintiffs' main contention that the charter amendment operated to deprive the city council of power to restrict density of single-family dwelling units to less than 12 per acre.

Though plaintiffs' argument is divided into four propositional parts, their fundamental thesis remains the same as in the trial court. There is no complaint that the ordinances in question are in themselves unreasonable or discriminatory.

Frankly, we are unable to understand how a maximizing limitation contained in the city's organic law can rationally be construed at once as a minimal authorization. Suppose the subject matter happened to be speed limits instead of house density. Could it be seriously contended that a charter provision prohibiting a speed limit greater than 30 miles per hour within the city limits disempowered the city council from prescribing a speed limit of, say, 20 miles per hour in school zones or business districts? To do so would require the contender to sustain the premise that a maximum implies a minimum—a seemingly impossible feat even for those with a flair for antonymical sophistry. Such a conclusion destroys both terms. It would be just as logical to insist that a ceiling is also the floor—a contradiction in terms leaving no room, as it were, for even an amusing dialectical investigation. Or if the charter limited the height of town structures to two stories, would appellants take this to mean no single-story buildings could be built?

Plaintiffs cite as applicable here the result reached in *Development Industries, Inc. v. City of Norman,* Okl., 412 P.2d 953 (1966). There an ordinance was attacked which required a three-fourths vote of the council to pass a zoning ordinance if the planning commission failed to recommend its approval. The court struck it down as in "conflict" with Norman's charter which required only a majority vote to amend zoning ordinances. Of course the dis-

---

1. The amendment reads:
"[T]he erection, construction, or alteration of any dwelling unit or units of a greater density than 12 *single family dwelling units per acre* is hereby prohibited within the City of Bethany, Oklahoma, except for student housing owned by accredited public or private educational institutions of higher learning within the City of Bethany, Oklahoma. . . . . ."

2. The tract is owned by the Shillings and Crumps. The other two plaintiffs, Ragland and Smith, hold an option to purchase it.

similarity between the facts there and the ones we have here is quite obvious. Here there is no conflict between the assailed ordinances and either Bethany's charter or state law.

Nor do we find anything in the 1973 charter amendment having the effect of diminishing the council's power to legislate in the land use area under statutory authorization granted in the State Zoning Act of 1923, 11 O.S.1971 §§ 401–410—authority which the Oklahoma Supreme Court has consistently considered as being validly vested in municipalities. *Beveridge v. Harper & Turner Oil Trust,* 168 Okl. 609, 35 P.2d 435 (1934).

Affirmed.

BACON, P. J., and NEPTUNE, J., concur.