**MOORE FUNERAL HOMES, INC., a corporation, et al., Appellants,**

**v.**

**CITY OF TULSA, a Municipal Corporation, Appellee.**

**No. 47630.**

Supreme Court of Oklahoma.

July 20, 1976.

---

6. 68 O.S.1971 § 2351 et seq.

Morehead, Savage, O'Donnell, McNulty & Cleverdon, Tulsa, for appellants.

Waldo F. Bales, City Atty., by David L. Pauling, Asst. City Atty., Tulsa, for appellee.

LAVENDER, Justice:

The City of Tulsa, Oklahoma (Tulsa or appellee) is a home rule municipality. Under its charter provisions and through city ordinance adopted February 13, 1970, a street improvement district was created to improve by widening from two to four lanes Memorial Avenue between East 11th Street and East 41st Street in Tulsa. April 28, 1971, prior to completion of the project on May 12, 1971, 11 O.S.1971, §§ 85 and 85.1 [1] became effective. Certain landowners as plaintiffs (landowners or appellants) brought suit to enjoin defendant Tulsa from collecting levied assessments and enforcing the provisions of the street improvement district, created by ordinance as allowed and in accordance with its home rule charter, for such action was in contravention of § 85, said to be controlling. Sections 85 and 85.1 became effective after the ordinance was passed but prior to the completion of the improvement project.

Petition alleges the roadway is a state highway. Demurrer of Tulsa overruled. Tulsa files general denial answer with allegations that the sole purpose of the street improvement district was to finance the municipality's liability for the street improvements which was purely municipal. Tulsa, by motion for judgment on pleadings, seeks judgment as a matter of law. Trial court took judicial knowledge of certain sections, Article IX of the Charter of the City of Tulsa and grants defendant's motion for judgment. Landowners appeal.

*Berry v. McCormick,* 91 Okl. 211, 217 P. 392 (1923) established that the usual street improvement within a city is

1. 11 O.S.1971, §§ 85 and 85.1 read in part:
"§ 85. Examination and approval of plans, etc.—Resolution of necessity—Publication—Protests or objections—Notice to property owners.—(a) It is declared to be the public policy of this state that any street improvement district created by any city or town under the provisions of Title 11 of the Oklahoma Statutes, or under any charter provision, shall provide for notice to the affected private property owners, an opportunity to protest against said improvements and that such protest as provided in paragraphs (b) and (c) of this section shall eliminate the proposed improvements."

\*    \*    \*    \*    \*

"(e) Any city or town that proposes to widen an existing two-lane street to a width which would permit four or more lanes of traffic shall be liable for the entire costs of the improvement, except that portion of the costs that may be paid by the board of county commissioners, the State of Oklahoma, the United States of America or the amount set forth in a petition for street improvements as assessable *against property owners.*"

\*    \*    \*    \*    \*

"§ 85.1. Limitation on certain collections and bond sales.—No assessments shall be collected nor shall any improvement bonds which are to be paid from assessment collections be sold or assigned after the effective date of this act which relate to *the financing of a widening project for which assessments are prohibited under Section 1 unless the improvement has been completed on the effective date of this act.*"

a municipal affair. Landowners argue the improvement project in the present case is more than purely municipal for the street involved is a state highway, as alleged in the petition, and is of "wider public interest" or "general concern." Syllabus by the Court in *Harrington v. City of Tulsa,* 170 Okl. 20, 39 P.2d 120 (1934) states:

> "The widening of the paving on a city street is a local improvement within the meaning of section 7, art. 10, of the Constitution of this state, notwithstanding such street may be a major trafficway."

There the improvement of 11th Street in Tulsa was involved. It was an arterial highway in and through Tulsa and was marked as a federal and a state highway. Although the issue was local improvement in the sense of abutting or benefitted property as opposed to the benefit or interest of the city as a whole, the opinion said testimony that the street will be a "major trafficway" did not lead to the conclusion it was not a local improvement. The landowners' argument that because Memorial Avenue is also a state highway that fact alone compels a finding that the improvement of Memorial is not a matter of local concern but is of general concern is not well taken. This does not mean there could be no roadway located within a city which could not have more than a local interest, i. e., the road's principal function from a traffic control standpoint being the movement of traffic from city to city rather than aiding the disbursement of traffic within a city. As said in *Harrington, supra,* p. 123:

> "If, indeed, facts and circumstances could exist which would take such improvement out of the class designated as 'local improvement,' * * *, plaintiffs have wholly failed to prove such facts and circumstances."

"The improvement of any street within an incorporated city, although it be a part of the State Highway System, may be a local improvement so that the property located within the improvement district accruing benefit therefrom may be assessed to pay the cost of the same." *Ambrister v. City of Norman,* Okl., 344 P.2d 665 (1959). The issue of the accruing benefit as compared to the property included in the improvement district and assessed thereunder is not argued in the case at bar.

■ Allowing a major trafficway within a city, and carrying local traffic, to be used also as a state highway and increasing its width from two to four lanes, are not such facts and circumstances standing alone as to require the taking of the street improvement out of the class of "local improvement" or "municipal affair."

■ As said in *City of Wewoka v. Rodman,* 172 Okl. 630, 46 P.2d 334, 336 (1935):

> "The adoption of a freeholder charter immediately supersedes all state laws in conflict therewith, as to purely municipal affairs. *Oliver v. Pickett,* 79 Okl. 315, 193 P. 526; *Walton v. Donnelly,* 83 Okl. 233, 201 P. 367; *Caruth v. State,* 101 Okl. 93, 223 P. 186. The adoption of the charter repeals all such laws that conflict with the charter. *Berry v. McCormick,* 91 Okl. 211, 217 P. 392. It follows that the moment the charter is adopted state laws as to purely municipal affairs, that conflict with the charter, are no longer state laws as to the particular locality."

This same principal is applicable to state laws as to purely municipal affairs passed after adoption of the home rule charter and that conflict with it. We find there is a conflict between 11 O.S.1971, §§ 85 and 85.1 and certain sections of Article IX of Tulsa's home rule charter. This conflict involves procedure and the bearing of the expense of the improvement by governmental entities or assessment against property owners. Here the charter provisions control. Tulsa is a home rule city and the improvement is a municipal affair as opposed to one of general concern.

■ Landowners argue trial court should have allowed evidence on the fact

issue of municipal affair instead of determining the issue by ruling on a motion for judgment on the pleading. It is the plaintiffs' burden to both plead and prove the non-existence of the local character of the improvement. *Baldwin v. City of Lawton,* 198 Okl. 585, 185 P.2d 699 (1947). As pled, such non-existence is based on Memorial Avenue as a state highway. This opinion determined that fact is not enough. We believe that issue, as formed by the petition here, could be reached without evidence. The trial court did not commit reversible error by ruling on the motion for judgment on the pleadings, although probably more properly reached procedurally by ruling on the demurrer to the petition.

Affirmed.

DAVISON, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.

WILLIAMS, C. J., HODGES, V. C. J. and IRWIN, J., dissent.