The **OKLAHOMA PUBLISHING COMPANY, a Delaware Corporation; Maureen Shurr, an individual, Appellants,**

v.

The **CITY OF MOORE, a Municipal Corporation, and Richard Mills, Chief of Police of the City of Moore, an individual, Appellees.**

No. 59813.

Supreme Court of Oklahoma.

June 19, 1984.

David Machanic, Michael Minnis, Pierson, Ball & Dowd, Oklahoma City, for appellants.

Bill Pipkin, Steve Estes, Moore, for appellees.

Gary C. Rawlinson, Luttrell, Pendarvis & Rawlinson, Norman, for amici curiae, Transcript Co., Sooner Pub. Co., and Associated Press.

Jerry D. Sokolosky, Larry D. Bishop, Oklahoma City, for amicus curiae, Okl. Press Assoc.

Neal E. McNeill, City Atty., Imogene Harris, Asst. City Atty., for amicus curiae, City of Tulsa, Okl.

DOOLIN, Justice:

Appellants, Oklahoma Publishing Company and Maureen Shurr (OPUBCO), seek access to arrest records and jail records of the City of Moore Police Department. OPUBCO filed for writ of mandamus in the district court to compel the City of Moore and its police chief Richard Mills (Moore) to make available the arrest and jailing records of the candidate. The district court issued an alternative writ, directing Moore to open the records or to show cause why the information should not be made available.

After hearing, the Court took the matter under advisement. OPUBCO then took discovery and amended its petition to seek a declaratory judgment that the record of a person's arrests and incarcerations is a public record, and an injunction requiring Moore to open such records for public inspection.

The Court heard evidence, dissolved the alternative writ, and denied declaratory and injunctive relief. OPUBCO moved for new trial. On denial of the motion OPUBCO appeals.

The trial court ruled that the arrest and incarceration records were not maintained,[1] were not required to be maintained, were not public records if maintained, and could not be disclosed without defeating the lawful purpose of keeping the records. The Court also found that Moore has reason to fear liability for disclosing who had been arrested and jailed in Moore.

OPUBCO contends that it has a right to know who has been arrested and jailed in Moore. OPUBCO relies on the City of Moore Charter, the Statutes of Oklahoma, and the Constitution of the United States.

The City of Moore Charter, § 9-3, provides:

"All records and accounts of every office, department or agency of the city government, except records and documents the disclosure of which would tend to defeat the lawful purpose of which they are intended to accomplish, shall be open to public inspection."

It is apparent that the Moore Police Department is a department of Moore's City government. The section applies to "every office, department, or agency of the city government," so the section applies to the police department. The section, with one exception, prescribes that all records of a city department shall be open to public inspection. The issue, then, is whether the disclosure of records indicating who has been arrested and who has been jailed would tend to defeat the lawful purpose which arrest records and incarceration records are intended to accomplish.

OPUBCO deposed Police Chief Mills, who testified that the index cards on which arrest records were kept (prior to the recent computerization of arrest records) were utilized to give the Moore Police, and other law enforcement agencies, a quick check on a person's prior arrest history. When asked how disclosure of arrest records would defeat the purpose of keeping the records, Mills said that a person's privacy might be invaded.

OPUBCO properly argues that Mills' response is a *non sequitur*. The purpose of

---

1. OPUBCO directs our attention to ample evidence in the record that the records sought are maintained by the police department. Moore offers no support for a contrary finding.

keeping arrest records cannot be to preserve the arrestee's privacy. Disclosure of arrest records cannot defeat the stated purpose of making arrest histories accessible to law enforcement agencies.

Moore's responses to OPUBCO's arguments are completely irrelevant. Moore asserts that OPUBCO has asked for every record kept by the Moore police department, then argues that some of these records could be improperly used. OPUBCO has asked to inspect records of (1) arrest and (2) incarceration. OPUBCO claims the right to know who has been (1) arrested and (2) jailed by the Moore Police Department.

Moore, however, argues that "if plaintiffs are entitled under the law to these records, they must also be entitled to *every other record* maintained by the police department."

> "Very good reasons for the confidentiality of records of police have been set forth by defendants. Ongoing undercover investigations, so-called 'sting' operations, narcotics investigations, the use of confidential informants or 'snitches,' are common and effective police practices in wide-spread use at the local, state and federal level.
>
> Such police methods necessarily generate records full of names and whereabouts of police informants, and witnesses, victims, and physical evidence." [2]

Moore's entire argument follows this line. Moore never once responds to OPUBCO's demand to know who has been arrested and who has been jailed. OPUBCO has never asked for the names of informants, witnesses or victims, or for the location of evidence.

Ruling on the merits, we hold that the public is entitled to inspect Moore's police department record of arrests and incarcerations. We have no occasion, of course, to rule on the question of whether the public can inspect records describing investigations or naming witnesses, informants, victims or juvenile offenders.

Having ruled on the question raised by the municipal charter however, the state law question is necessarily raised. If state law prohibits public inspection of these records, the Moore Charter is correspondingly superceded. If state law requires these records to be open to public inspection, the Moore Charter is merely redundant. If state law is silent on this subject, our holding under the Moore Charter is dispositive. *See City of Pryor Creek v. Public Service Co.*, 536 P.2d 343 (Okl.1975) (general laws of statewide concern control over conflicting city charter provisions); *Moore Funeral Homes, Inc. v. City of Tulsa*, 552 P.2d 702 (Okl.1976) (City charter provisions supercede general laws of the state in matters purely of municipal concern); *Lee v. Norick*, 447 P.2d 1015 (Okl. 1968) (same); *Moore v. City of Tulsa*, 561 P.2d 961 (Okl.1977) (municipal regulation conflicts with state law only if each contains inconsistent and irreconcilable provision—if either is silent where the other speaks there is no conflict).

■ Oklahoma's Open Records Act, 51 O.S. 1981, § 24, expressly includes political sub-divisions within its scope. The public nature of municipal documents is clearly a matter of general, as opposed to purely municipal, concern. The Moore Charter provision cannot supercede state law in this case, although the charter provision will control unless there is an irreconcilable conflict with state law.

■ We note at the outset that no law has been found by us or cited by the parties or by the numerous amici which would preclude Moore from making its arrest and incarceration registers open to public inspection. Therefore, the state law does not irreconcilably conflict with the Moore Charter so as to preclude Moore from permitting the public to find out who the Moore Police Department has arrested or hailed.

The only question to be decided, therefore, is whether state law requires Moore to reveal who has been arrested and jailed by its police department regardless of its own charter provision.

The Open Records Act, 51 O.S. 1981, § 24, provides:

"It is hereby made the duty of every public official of the State of Oklahoma, and of its sub-divisions, who are required by law to keep public records pertaining to their said office, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and tax payers of this state, and its sub-divisions, during all business hours of the day; provided, however, the provisions of this Act shall not apply to income tax returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret."

There is no statute which requires Moore to maintain records of arrests and incarcerations. We do not, at this juncture, decide whether local police have a legal duty to maintain records of arrests and incarcerations under state common law.

There is likewise no statute or case law which requires local police to keep secret their records of arrests and hailings. The state law does not conflict with the Moore Charter provision which requires the Moore Police Department to make these records available for public inspection.

Since OPUBCO's claim is fully supported by the local charter provision, we have no need to determine whether Oklahoma law or the United States Constitution requires the Moore Police Department to open its arrest records to OPUBCO.

We reverse the judgment of the trial court and instruct the trial court to enter judgment in favor of the appellant and to grant appellant's request for appropriate relief as necessary.

REVERSED AND REMANDED WITH DIRECTIONS.

BARNES, C.J., SIMMS, V.C.J., and HODGES, LAVENDER, OPALA and KAUGER, JJ., concur.

HARGRAVE, J., dissents.

WILSON, J., concurs in part, dissents in part.