Dear Honorable Macy,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Are the provisions of 34 O.S. 9 (1984), applicable to a county election held pursuant to 37 O.S. 590 (1985) that is submitted by the Board of County Commissioners to a vote of the people of said county?
 2. What responsibilities and duties do the county officials have regarding an election held pursuant to 37 O.S. 590 (1985)?
 3. What form must a proposition have that is submitted to a vote of the people pursuant to 37 O.S. 590 (1985)?
State Question No. 563, Initiative Petition No. 319, was adopted by the people of Oklahoma at an election held on September 18, 1984. Section 4 of State Question 563 gives a county the option of authorizing the retail sale of alcoholic beverages by the individual drink for on-premises consumption if approved at an election held in said county. The Legislature enacted a statutory provision authorizing such county-option elections, to be codified as 37 O.S. 590 (1985).
The Legislature has enacted other provisions permitting county-option elections. Title 19 O.S. 731 (1981) permits the Board of County Commissioners to have a county election for the purpose of levying a tax to provide for the construction of a courthouse, a jail or other necessary buildings. Title 19 O.S. 901.1 (1981) permits the Board of County Commissioners to call for a county election to create a fire protection district. Title 19 O.S. 872, 19 O.S. 873 (1981) allow the Board of County Commissioners to have a county election to create a Sewer Improvement District.
Also, a county with a certain population may levy a sales tax in said county following an election held in that county for such purpose. 68O.S. 1370 (1984). A county may hold a county-option election for pari-mutuel horse racing following a petition signed by a sufficient number of qualified voters in said county. 3A O.S. 209 (1984). Thus, the method allowed by 37 O.S. 590 (1985) is not unique for counties in this State.
 I
Title 34 O.S. 9 (1984) is the procedure to use when preparing an official ballot title on certain measures. It states, in pertinent part:
 "A. When a measure is proposed as a constitutional amendment or legislative enactment by the Legislature, when a referendum is ordered against any measure passed by the Legislature, or when any measure is proposed by initiative petition, whether as an amendment to the Constitution or as a statute, . . ."
Such ballot titles are prepared by the Secretary of State. They are certified that the title is at an eighth grade reading level by the Superintendent of Public Instruction, State Department of Education. The President Pro Tempore of the Oklahoma State Senate and the Speaker of the House of Representatives both approve the suggested ballot title. Following approval as to the legal form of the title by the Attorney General, the Secretary of State submits the official ballot title to the Governor and the Secretary of the State Election Board.
A fundamental rule of statutory construction is to "ascertain, and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Central Liquor v. Okla. Alcoholic Bev. ControlBd., 640 P.2d 1351, 1354 (Okla. 1982). The intent of 34 O.S. 9 (1984) is to prescribe a procedure for preparing the ballot title on state questions only. It is not the intention of the Legislature that this statutory provision apply to the preparation of ballot titles for county-opinion elections.
This legislative intent is reinforced by a review of the parties involved in writing ballot titles pursuant to 34 O.S. 9 (1984). All the participating parties are state officials: the Secretary of State; the Superintendent of Public Instruction, State Department of Education; the President Pro Tempore, Oklahoma State Senate; the Speaker of the House, Oklahoma House of Representatives; the Attorney General; the Governor; and the Secretary of the State Election Board. The involvement of these parties reflects a clear intention of the Legislature that 34 O.S. ___(1984) applies only to state questions and not to a county option election held pursuant to 37 O.S. 590 (1985).
 II
We now address the second part of your question. Title 37 O.S. 590
(1985) prohibits the sale of alcoholic beverages by the individual drink for on-premises consumption unless said sale has been approved in such county. It permits an election to be called on that question by either the Board of County Commissioners or by the Board of County Commissioners following a petition signed by registered voters in said county.
We find no general statutory provision dealing with the duties and responsibilities of county officials regarding the calling of county-option elections pursuant to 37 O.S. 590 (1985). Other statutory provisions permitting various county-option elections (note ones listed earlier) may have particular language concerning some aspects of this issue, but no general statutory provision.
Title 34 O.S. 51 (1971) may have discussed the responsibilities of county officials in the preparation of ballot titles on county initiative and referendum. However, in 1977 the Oklahoma Legislature expressly repealed the provisions of 34 O.S. 51 (1971).
It has been held in Oklahoma that counties have no inherent power or authority, but possess, and can exercise only those powers granted in express words or necessarily or fairly implied or incidental to the powers expressly granted. Shipp v. Southeastern Oklahoma IndustriesAuth., 498 P.2d 1395, 1398 (Okla. 1972); Development Industries, Inc. v.City of Norman, 412 P.2d 953 (Okla. 1966).
As recently enacted, 37 O.S. 590 (1985) provides that the Board of County Commissioners shall call an election upon receipt of a petition with the requisite number of signatures of registered voters in said county or may call an election upon its own motion. An order or call is essential to the validity of a special election and must be ordered or called by the very agency designated by law, and none other. 29 C.J.S.Elections 70, p. 161. Thus, it is essential to the validity of a special election, held pursuant to 37 O.S. 590 (1985), that the Board of County Commissioners call or order such an election.
It is essential to the validity of a special election that there must be adequate notice, either actual or constructive, given to the electors. Schooler v. Lisle, 299 S.W.2d 792 (Ky. 1957); Solomon v. NorthShore Sanitary District, 269 N.E.2d 457 (Ill. 1971). It appears that a duty is placed upon the officials authorized to call such an election to notify the registered voters that such an election will be held. Thus, the Board of County Commissioners is charged with the duty to notify the registered voters of such county of an election held pursuant to 37 O.S.590 (1985).
Title 19 O.S. 381 — 19 O.S. 383 (1981) provide a method for submitting certain questions to the voters of a county and the requirements for notice on such questions. Such statutes are not applicable to an election held pursuant to 37 O.S. 590 (1985). Other county-option elections have some requirements for official notice; however, 37 O.S. 590 (1985) is silent.
"It is essential to the proper exercise of the elective franchise that the voters be informed of the offices to be filled and the measures to bevoted upon at any election." Veterans' Finance Committee of 1943 v.Betts, 359 P.2d 471,473,474 (Cal. 1961). The public must have a sufficient length of time to enable them to arrange to attend the election and to make up their minds on how to vote upon the proposition.Lyon v. County of Warren, 325 S.W.2d 302 (Ky. 1959). A county would need to notify the public of such election in a manner that gives the public a sufficient length of time to arrange to attend the election and to be informed of the measures to be voted upon at such election.
If the election is on a particular measure, the notice should substantially state the proposition on which to be voted. 29 C.J.S.Elections 73, p. 169. McKiever v. City of Sumter, 135 S.E. 60 (S. Caro. 1926).
We note the statutory provisions of 19 O.S. 444 (1981) that require the Board of County Commissioners to cause to be published in a newspaper in the county a full and complete report of all their official proceedings. Also, 19 O.S. 445 (1984) states that it shall be the duty of the county clerk to make a complete report of the proceedings of the regular and special meetings of the Board of County Commissioners and shall transmit the report to be published in a newspaper. Thus, the Board of County Commissioners and the county clerk would have the specific duty and power to publish in a newspaper in the county a full and complete report of their proceedings, including a resolution calling for an election held pursuant to 37 O.S. 590 (1985).
Title 19 O.S. 215.5 (1981) provides that:
 "The District Attorney or his assistants shall give opinion and advice to the board of county commissioners and other civil officers of his counties when requested by such officers and boards, upon all matters in which any of the counties of his district are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest."
Thus, the District Attorney or his/her assistants have the express power and authority to advise the Board of County Commissioners on the legality of the form of the proposition submitted to the voters of said county. We find no statutory requirements, however, that the District Attorney or his/her assistants certify that the form of the proposition submitted, is in legal form and in harmony with the law.
 III
The third part of your question concerns the form of the proposition submitted to the voters pursuant to 37 O.S. 590 (1985).
A power that is "necessarily or fairly implied or incidental to" the authority to call an election is the power to prepare the form in which such proposition will be submitted to the voters of said county. Thus, the Board of County Commissioners has the authority and power to prepare the form of the proposition for an election held pursuant to 37 O.S. 590
(1985), that will be submitted to the people.
Title 37 O.S. 590 (1985) is silent on the necessity of preparing an official ballot title. Also, this statutory provision does not provide any requirements on the form of the proposition that will be submitted to the voters.
The Oklahoma Supreme Court has addressed the issue of the requirements of a ballot question. In Arthur v. City of Stillwater, 611 P.2d 637
(Okla. 1980), the Court wrote:
 "Cases construing the requirements of the ballot question hold that the question on the ballot submitted to popular vote by the electorate must be in a form to permit the voter to reach an informed decision whether to approve or disapprove the measure. The question must be specific, but it need not include the proposition from beginning to end. It is sufficient if enough is printed to identify the subject matter and to reflect the character and purpose of the proposition. Generally, the requirement concerning submission of ballot propositions is that the question not be deceptive or misleading, and that it be free from uncertainty and ambiguity. The test is whether the voters are afforded an opportunity fairly to express their will, and whether the question is sufficiently definite to apprise the voters with substantial accuracy as to what they are asked to approve." Id. at 642.
Whether a county elects to submit to the voters the proposition from beginning to end or in a form that meets the test as expressed in Arthurv. city of Stillwater, id., is left to the discretion of the entity calling for such an election.
The Oklahoma Supreme Court in State ex rel. Murray v. Beard,264 P.2d 305,309 (Okla. 1953), has stated, "[w]e repeat that the sole purpose of the ballot title is to print a fair short form statement of the question to be voted on." Thus, a ballot title can be a proper method to submit the proposition to the voters of a county.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 34 O.S. 9 (1984) does not apply to the provisions of 37 O.S. 590 (1985).
 2. Pursuant to 37 O.S. 590 (1985), it shall be the responsibility of the Board of County Commissioners to call for a county-option election and prepare the form of the proposition submitted to the voters of said county. Also, the Board of County Commissioners and the county clerk have the power and responsibility to provide for notice of such an election to give the public a sufficient length of time to arrange to attend the election and to decide how to vote upon the proposition. We find no requirement that the District Attorney must certify that the proposition that will be submitted to the voters is in legal form and harmony with the law though the District Attorney is required to give his or her opinion and advice to the Board of County Commissioners when requested.
 3. Title 37 O.S. 590 (1985) does not require a particular form of the proposition submitted to the voters of said county. Any form that is used must meet the test as expressed by the Oklahoma Supreme Court in Arthur v. City of Stillwater, 611 P.2d 637 (Okla. 1980).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL