**R. D. REED, Individually and on behalf of 17 other persons similarly situated, Appellees,**

v.

**CITY OF TULSA, Oklahoma, a Municipal Corporation, Appellant.**

No. 49730.

Supreme Court of Oklahoma.

Sept. 20, 1977.

M. David Riggs, Tulsa, for appellees.

Waldo F. Bales, City Atty. by Imogene Harris, Asst. City Atty., Tulsa, for appellant.

DAVISON, Justice.

Several members of the Association of Firefighters, Local No. 176, all of whom were either members of the Oklahoma National Guard or a U.S. Military Reserve unit, brought an action in the District Court of Tulsa County, against the City of Tulsa seeking a declaratory judgment and injunctive relief for themselves and for all persons similarly situated. The Firefighters asked the District Court to declare a provision in the employment contract between the Firefighters and the City of Tulsa invalid, as contra to 44 O.S.1973 Supp. § 209, and 72 O.S.1973 Supp. § 48, and to enjoin the City from enforcing the contract provision, which dealt with the amount of pay the Firefighters would receive while on active duty either with the Oklahoma National Guard or with a unit of the U.S. Military Reserve. The contract provision stated that while on military leave, that "all employees shall be paid in accordance with the rules on pay."

The Fire Department Rules on pay provided:

"A regular or part-time employee who makes annual tours of duty in connection with military reserve activities *shall be paid by the City only the amount that would be the difference between the normal pay of the employee and the military pay received for the entire period in*

which the employee is on authorized military leave and travel time. The employee shall receive no compensation from the City if the military pay exceeds the normal City pay which would have been received for that period. For the purposes of this provision, military pay shall be defined as gross taxable income received for the annual military duties exclusive of travel pay, subsistence pay, housing allowance, per diem and any other payments not subject to federal taxes. Normal City pay shall be defined as all compensation which the employee would have received from the City for that period exclusive of any payment for overtime." [Emphasis added]

The Firefighters argued that under the laws of Oklahoma, they were entitled to full pay from the City while on military leave, and that the City's refusal to provide full pay while on leave, violated rights granted to them by State statutes, 44 O.S. 1973 Supp. § 209 and 72 O.S.1973 Supp. § 48.

44 O.S.1973 Supp. § 209 provides:

"All officers and employees of the state, or a subdivision thereof, or a municipality therein, *who are members of the National Guard*, shall when ordered by proper authority to active service, be entitled to a leave of absence from such civil employment for the period of such active service, without loss of status or efficiency rating, and *without loss of pay* during the first twenty (20) calendar days of such leave of absence during any calendar year." [Emphasis added]

72 O.S.1973 Supp. § 48 provides:

"All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the *Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces of the United States*, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such

civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." [Emphasis added]

In response to the argument of the Firefighters, the City asserted (1) that Tulsa, being a Home Rule Charter City was not bound by the above quoted statutes, (2) that even if they were, the intent of the statutes was merely to insure that an individual would not be penalized for participating in the Reserves or National Guard, (3) the statutes do not require that municipal employees receive double pay while on active duty.

The issues were submitted to the trial court on a set of stipulated facts, and summary judgment in favor of the Firefighters was granted. The City appeals from the trial court ruling.

The general question raised on appeal is: Whether members of the National Guard or other U.S. reserve components are entitled to receive full pay from their municipal employer for the first 20 days while attending annual summer encampment, or are they only entitled to receive the difference between the military compensation and the compensation they would have received from the City.

■ We will first consider the effect, if any, the above quoted statutes have upon the personnel decisions of the City of Tulsa, a *home rule municipality*. The City argues that because Tulsa is a home rule city, its personnel policies and decisions are of purely local concern, and therefore control over conflicting state statutes. We do not agree with the City's contention, for we do not agree that a purely municipal or local matter is involved. The test as to whether a home rule municipality's laws control over conflicting state statutes is: "Whether the power being exercised is purely municipal, or whether there is a wider public interest involved." [1]

1. *City of Wewoka v. Rodman*, 172 Okl. 630, 46 P.2d 334 (1935). See also Merrill Maurice H., Constitutional Home Rule for Cities, Oklahoma Version, 5 Okl.L.Rev. 139, 164 (1952).

■ Clearly, the State, under the provisions of Article 5, Section 40, of this State's Constitution, has the power to provide for and maintain a state militia.[2] Under these powers, the State has the right to encourage citizens to participate in the National Guard. In enacting 44 O.S.1973 Supp. § 209, the State exercised that right, and encouraged state and municipal employees to participate in the militia, by making such participation financially advantageous. Clearly, more than municipal interests are involved in the establishment of a state militia, and the state statutes would control over municipal provisions. Likewise, the maintenance of a strong national defense involves more than purely local or municipal interest. With the enactment of 72 O.S.1973 Supp. § 48, the State encouraged participation in the national defense system. The interest served by both the National Guard and the U.S. Military Reserve components is clearly of more importance than local or municipal interests, thus the municipal personnel rules are superseded by state statutes dealing with the National Guard and other Military Reserve components and we so hold.

■ We now examine the state statutes involved in the litigation before us to determine what those statutes require of a municipality. Both statutes require that all officers and employees of the State or a subdivision thereof or a municipality when ordered to active service shall " * * * be entitled to a leave of absence from such civil employment for the period of such active service without loss of status of efficiency rating and without loss of pay during the first twenty. * * * days of such leave of absence * * *." We are asked today to interpret the *phrase, "without loss of pay"*, as it is used in the above quoted statute. The trial court interpreted the phrase to mean that municipalities are required to pay their officers and employees their full salary, when such officers or employees are properly called to active service

with the National Guard or with other reserve components. We agree with the trial court's interpretation.

Appellant City argues that the intent of that phrase as used in the statute is not to require that municipal employees receive double pay while on active duty—a full paycheck from the municipality in addition to a full paycheck from their reserve component or guard unit. Rather, the appellant City argues that the intent of the statute was to see that no municipal or state employee would suffer a financial loss because of his participation in a reserve or guard unit. Thus, the City argues, the only obligation of a municipality is to make up any difference between pay received from a reserve or guard unit and the pay the employee would have received from the City. In support of this contention, the City calls the Court's attention to the Laws of 1929, Chapter 374, pages 512 and 513. That Chapter provides in part:

"WHEREAS, the attendance of such members of the National Guard Reserves of the Army, Navy, and Marine Corps is in its nature one in the service and interest of the state, county and municipal governments and of the public generally, and *one for which such members receive only nominal pay.*

\* \* \* \* \* \*

NOW, THEREFORE, BE IT RESOLVED BY THE SENATE AND HOUSE OF REPRESENTATIVES OF THE EXTRAORDINARY SESSION OF THE TWELFTH LEGISLATURE:

Leaves of Absence-No Deduction from Pay:

Section 1. That leaves be granted by the proper authority to all duly commissioned or enlisted members of the National Guard Reserves of the Army, Navy and Marine Corps in the employ of the state, county and municipal governments of the state for the term and period such employees are required to and actually

---

2. Article 5, § 40 provides:

"The Legislature shall provide for organizing, disciplining, arming, maintaining, and equipping the Militia of the State."

 

attend the annual periods of training as members of the National Guard Reserves of the Army, Navy and Marine Corps and that *no deductions from the pay* or vacation period of such members may be made on account of such leaves upon the presentation of a certificate of the Adjutant General showing such period of time during which such member or members were in such actual training." [Emphasis added]

The City argues that under this 1929 provision, municipal employees were clearly to receive both their pay from the National Guard or Reserve components in addition to their full salary from their employer, and that the intent of the provision is clear, for the Legislature provided that *"no deductions from the pay * * * may be made on account of such leaves * * *."* [Emphasis added]. Then, the City asserts that no such clear intent is present in the current statutory phraseology, "loss of pay." The City also argues that as a matter of construction, we must give effect to the different phraseology by interpreting it to. have a different meaning. We are not persuaded by appellant's argument.

 We first note that the 1929 provisions cited by appellant were not statutory provisions, but were provisions of a joint resolution.[3] An examination of both current statutes is to encourage participation in the Military Reserve or National Guard by making such participation financially advantageous. Thirdly, we note that the statutes clearly address themselves to the relationship between the state or municipal employer and their employees—defining several mandatory characteristics of such a relationship. When a municipal or state employee is properly authorized and ordered to active service, it is mandatory that the employee lose no status, it is mandatory that the employee lose no efficiency rating, it is mandatory that the employee lose no pay. In examining the statutes in this light, we are persuaded that the phrase "loss of pay" refers exclusively to the pay a municipal or

state employee receives from the municipal or state employer. Viewing the phrase as referring only to the relationship between municipal or state employees and their employer, we hold that the statute requires that municipal and state employees receive their full pay from their employer during the first twenty days of each calendar year during which they have been properly ordered to active service with either the National Guard or with any components of the United States Military Reserve. Because, as discussed above, the statutes requiring that no "loss of pay" occur makes such occurrence mandatory, the City of Tulsa's Rules regarding pay, insofar as they are contra to the statutory provisions, are to be given no force and effect. As the contract between the Firefighters and the City provides that while on active duty, Firefighters are to be paid in accordance with the City's Rules on pay, the Firefighters are entitled to full payment from the City, because the Rules must now be construed as requiring full pay. Accordingly, we affirm the order of the trial court.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

**3.** See *Oklahoma News Co. v. Ryan*, 101 Okl. 151, 224 P. 969 (1924), for a discussion of the distinction between laws enacted by bills and laws enacted by joint resolutions.